## FERGUSON v HAMMOND

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 24, 1938

Cleverly & Bullock, Youngstown, for plaintiff-appellee.

Charles F. Scanlon, Youngstown, for defendant-appellant.

## OPINION

By CARTER, J.

This cause is before this court on appeal on questions of law. Joseph P. Ferguson,

a minor about six and one-half years of age, by his father and next friend, Nicholas Ferguson, instituted an action in the Court of Common Pleas of Mahoning County, against Clarence E. Hammond, for damages for certain personal injuries which he alleges the minor received as a result of being struck by an automobile driven by defendant. Upon trial in the Court of Common Pleas the jury returned a verdict for the defendant. Motion for new trial filed, which motion was by the trial court sustained and verdict of the jury set aside and a new trial ordered. Appeal is prosecuted to this court to reverse this action of the trial court. The motion for new trial was sustained on December 21, 1937, which was after the effective date of an act of the Legislature which made the granting of a new trial after verdict by the jury a final order.

Two questions were by the pleadings presented to the jury for determination, the negligence of the defendant, and the sole or contributory negligence of the minor. No interrogatories were submitted to the jury. We are therefore at a loss to determine the mental operation of the jury in reaching its conclusion; that is, whether the verdict was based on non negligence on the part of the defendant, sole negligence of the minor or due to the combined negligence of the defendant and the contributory negligence of the minor. The court in granting the motion for a new trial unfortunately gave no reason for so doing.

The accident occurred on the sixth day of October, 1936, at about five o'clock P. M. The defendant was operating his automobile in an easterly direction on state highway Route 18, and was approaching the intersection of Four Mile Run Road, a highway which intersects Route 18, Four Mile Run Road running in a northerly and southerly direction. Route 18 is paved with brick and is about forty feet in width. The place where the accident occurred was not within the limits of a municipal corporation. The minor had proceeded across Route 18 in company with his sister, Dorothy, age eleven, for the purpose of going to the grocery store on the northeast corner of the intersection, to make some purchases. After making the purchases the two walked to the northeast curb and proceeded to cross Route 18 in a southerly direction, the accident occurring apparently on the southerly half of the highway.

The grounds for new trial were as follows:

1. The verdict of the jury is manifestly against the weight of the evidence.

2. The verdict is contrary to law.

3. The verdict appears to have been given under the influence of passion and prejudice.

As to the third ground, that the verdict was rendered under the influence of passion and prejudice, this ground is not urged in the brief; therefore, we will ignore this claim. The second ground, that the verdict is contrary to law, this error is not seriously urged, and no errors of law occurring at the trial have been pointed out in appellee's brief. We will therefore ignore the second ground. Apparently the only ground left upon which the court acted was that the verdict of the jury was manifestly against the weight of the evidence.

The trial court had the opportunity of seeing and hearing the witnesses testify, their appearance upon the stand, a right, privilege and opportunity which is denied this court, having before us the cold record only. For these reasons we are unable to say that the court abused its discretion in granting a new trial.

The granting or refusal of a new trial on the ground that the verdict is against the manifest weight of the evidence rests largely within the sound discretion of the trial court. See **Lessee of Muhleinberg's Heirs v Ellis Florence, 5 Ohio 246**, and **Doolittle and Chamberlain v Edward McCullough, 7 Oh St 299**, page 305, wherein the court used this language.

"This court cannot revise the judgment of the District Court in respect of the weight of evidence upon the trial being in favor of or against the verdict. An inspection of the record very obviously does not afford this court the same means possessed by the District Court, of determining the preponderance of evidence given upon the trial in respect of the issue. The court under whose observation the evidence upon the trial was given, had an opportunity to judge of the manner and measure of the evidence for and against the affirmative of the issue, which this court does not possess. The decision of that court as to the weight of evidence being in favor of the verdict, by the exercise of their legal discretion in overruling the motion for a new trial upon that ground, this court cannot call in question."

To the same effect see the case of **Samuel Beatty v John W. Hatcher, 3 Oh St 115,**

and the case of the **Canton Stamping & Enameling Co.** v **Elles, 124 Oh St 29,** at page 32.

Judgment affirmed.

NICHOLS and BENNETT, JJ, concur in the judgment.

### CONCURRING OPINION

By BENNETT, J.

Inasmuch as the original question argued by the appellant was the question of what change, if any, has been effected by the recent amendment of §12223-2 GC in the review of orders sustaining motions for a new trial, I feel that counsel is entitled to receive some statement of our conclusions on this subject, I accordingly give my own conclusions. I believe that the purpose of the authors of the amendment and of the Legislature itself in enacting it, may well have been to make a Common Pleas order which granted a new trial for any reason involving an exercise of discretion, reviewable by this court and reversible if we felt the court had been wrong in its decision as opposed to having committed an abuse of discretion. If such was the purpose of the amendment I believe that the expression of the Legislature was inadequate to express and achieve the purpose.

Prior to the amendment the language of the Supreme Court, as well as of other Ohio courts, has generally been that the granting of a motion for a new trial was not reviewable in this court because not a final order, and considerable space in the books has been devoted to calling attention to the fact that the litigant had not finally lost his lawsuit but still had another chance. While this has generally been the language used in refusing to review such an order, it has resulted in an anomalous situation due to the fact that the sustaining of a motion for a new trial was a final order when a deserved directed verdict had been asked and refused and also when the trial court had "abused its discretion" in granting the new trial, if the discretion was on a matter in the field of discretion, even though in both instances the litigant who lost the benefit of his jury verdict still had the same further chance. Trying to rationalize the doctrine into a rule of thumb, I believe it to be a true generalization to say that, prior to this amendment, the granting of a motion for a new trial was a final order in all cases in which the party winning the jury verdict was entitled to his verdict as a matter of law, including

in that category all verdicts which the trial court could not take away from him on any ground involving an exercise of discretion, without an abuse of that discretion.

The same result to the litigants would have been heretofore achieved if, instead of saying that these orders granting new trials were not reviewable because not final orders, our Ohio courts had said they were reviewable but that no such order involving an exercise of discretion by the trial court would be reversed unless the discretion was abused. That is, the net result to the litigants would have been the same but the procedure would have perhaps been different in one respect, viz., that the fact of the "abuse of discretion" would be determined by us on a motion to dismiss the appeal in the one case and on a review of the order in the other.

And, despite the fact that in Ohio we have always dealt in the language of "final orders," I am sure that the law of Ohio has also been, as I believe it is in the Federal Courts and most other common law jurisdictions that the determination of no matter given by the law to the discretion of a trial court will be reversed or overthrown by a reviewing court unless that discretion has been abused. I accordingly feel that, assuming that the amendment is constitutional and that the order is reviewable, the law still is that no order of the Common Pleas Court granting a new trial on any ground involving an exercise of discretion will be reversed unless an abuse of discretion is shown. The net result of the amendment therefore, in my opinion, is that we must now review such an order and then determine whether an abuse of discretion has occurred, where, before this amendment, we would properly have determined whether such an abuse occurred on a motion to dismiss the appeal on the ground that the order appealed from was not a final order.

I believe that the granting of a new trial, without a statement of the ground on which it is granted, as in the present case, operates unfairly to the defendant-appellant. Conceivably, the trial court may have not acted on a question in the field of its discretion, but may have wrongly granted the new trial upon some misconception of law which we could have corrected on review. More probably the court acted in this case in the discretionary field of weight of the evidence. Reading the cold record, I am inclined to believe that in that field the twelve jurors were right and the court was wrong. But the subject matter of this

case, the contributory negligence of a six or seven year old child, is peculiarly one in which I cannot say that the court, who saw the child and the other witnesses clearly abused his discretion despite my opinion from the written record of the testimony alone. I accordingly concur in the judgment.

The constitutionality of the act was not raised in this case although discussed in argument. I may add, for whatever it is worth, that my opinion is that "theoretically" the statute is unconstitutional in its application to motions for new trial granted for reasons resting in the court's discretion because it attempts to make reviewable something which was not understood to be a 'judgment" in Ohio Jurisprudence in 1912. But, practically, it seems to me that, inasmuch as the only difference which the statute would cause, if constitutional, would be the procedural question as to when we would pass on the matter of the abuse of discretion, whether on review or on a motion to dismiss the appeal, it is probably not of enough importance to be dignified with the indictment of unconstitutionality.